**Opinion issued June 20, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-22-00205-CV**

———————————

**JACQUELINE M. MOUTON, Appellant**

**V.**

**HOUSTON INDEPENDENT SCHOOL DISTRICT AND
CANNON COCHRAN MANAGEMENT SERVICES, INC., Appellees**

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2019-45412**

---

## MEMORANDUM OPINION

Appellee Houston Independent School District ("HISD") employed appellant

Jacqueline M. Mouton as a school bus driver. While operating a school bus, Mouton

was injured in a collision with another motorist. HISD's third-party benefits

administrator, appellee Cannon Cochran Management Services, Inc. ("CCMSI"),

paid Mouton temporary workers' compensation disability benefits until she reached Maximum Medical Improvement ("MMI"). She was then medically cleared to return to work. When Mouton did not return, HISD terminated her employment.

Mouton, acting pro se, sued HISD and CCMSI for negligence. HISD filed a plea to the jurisdiction and CCMSI filed special exceptions. The trial court granted both and dismissed Mouton's claims.

In two issues on appeal, Mouton contends that the trial court erred in granting HISD's plea to the jurisdiction and in dismissing her claims against CCMSI, after she repled, following the granting CCMSI's special exceptions.

We affirm.

## Background

According to Mouton, she was driving an HISD school bus on January 31, 2018, when another motorist failed to stop at a traffic light and collided with her bus. It is undisputed that Mouton suffered compensable injuries in the collision, namely, strains in her knees and sprains in her shoulders and lower back. Mouton filed a claim for temporary workers' compensation disability benefits. CCMSI paid Mouton benefits of $325.21 weekly until April 27, 2018.

On April 27, 2018, Mouton reached MMI and was medically cleared to return to work. However, Mouton did not return. HISD directed Mouton to attend a

meeting on May 15, 2018 to discuss whether she had abandoned her job. After Mouton did not attend the meeting, HISD terminated her employment.

Disputing that she had reached MMI, Mouton brought negligence claims against HISD, CCMSI, and certain healthcare providers.[1] In her Third Amended Petition, presented in detail below, Mouton asserted that the "medical services, care, treatment, and advice provided to [her] beginning on or about January 31, 2018, fell below the standards of ordinary care and practice acceptable to and required of occupational medical providers providing worker's compensation services and their physicians." She sought damages of "over $1,000,000.00" "resulting from the negligent health care, services and treatment provided by Defendants, their agents, servants, and employees."

HISD filed a plea to the jurisdiction, asserting that its governmental immunity from suit deprived the trial court of subject matter jurisdiction over Mouton's negligence claim. HISD argued that its immunity was not waived under the Texas Tort Claims Act ("TTCA") because Mouton did not allege injuries caused by an HISD employee's negligent use or operation of a motor vehicle. Rather, it was undisputed that the motorist who hit Mouton's bus was not an HISD employee. The

---

[1] Mouton sued Concentra Health Services, Inc. d/b/a Concentra Occupational Health and Concentra Corporation ("Concentra"), Saanumi Adedayo, NP, and Sonya Brock, MD. However, after Mouton failed to serve them with medical expert reports, the trial court dismissed Mouton's claims. Concentra, Adedayo, and Brock are not parties to this appeal.

trial court granted HISD's plea to the jurisdiction and dismissed Mouton's claims against it with prejudice.

Subsequently, CCMSI filed special exceptions. CCMSI asserted that Mouton, in her live petition, i.e., her Third Amended Petition, did not allege any specific facts against CCMSI and that it could not discern any cause of action against it.

After a hearing, the trial court sustained CCMSI's Special Exceptions, ordered Mouton to replead, and warned that a failure to cure the defects would result in the dismissal of her claims against CCMSI.

Mouton filed a Fourth Amended Petition, discussed below, in which she asserted claims against "HISD/CCMSI" for "Gross Negligence, Defamation of character, Violations of Workers Compensation, and Malice as defined by the Civil Practice & Remedies Code Sec.73.001 & 74.001." She also alleged that CCMSI had violated various provisions of the Texas Workers' Compensation Act ("TWCA") and the Texas Insurance Code.

CCMSI filed a motion to dismiss Mouton's claims on the ground that she had failed to cure the defects in her pleading. After a hearing, the trial court concluded that Mouton had failed to provide CCMSI with sufficient notice of her claims and dismissed her claims against CCMSI.

**Plea to the Jurisdiction**

In her first issue, Mouton argues that the trial court erred in granting HISD's plea to the jurisdiction.

**A.    *Standard of Review and Overarching Legal Principles***

Under the common-law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Hous. v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including . . . school districts." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

"[G]overnmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Governmental immunity from suit deprives a trial court of subject-matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

Immunity from suit may be asserted through a plea to the jurisdiction. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Id.*

When a plea to the jurisdiction challenges the allegations in the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* We construe the pleadings liberally in favor of the pleader, accept all factual allegations as true, and look to the pleader's intent. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). If a plaintiff "fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted, and the claims dismissed, without allowing the plaintiff an opportunity to amend. *Id.*

We review a trial court's ruling on a plea to the jurisdiction de novo. *Chambers-Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). Our analysis includes questions of statutory construction, which we also review de novo. *Id.*

**B.** *Analysis*

HISD argues that its entitlement to governmental immunity from suit deprived the trial court of subject matter jurisdiction over Mouton's negligence claims and that Mouton failed to allege jurisdictional facts bringing her claims within the

TTCA's limited waiver of immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1).

HISD, as a political subdivision of this state, is generally immune from suit and liability. *Rose v. Houston Indep. Sch. Dist.*, No. 14-16-00687-CV, 2017 WL 4697889, at *2 (Tex. App.—Houston [14th Dist.] Oct. 19, 2017, no pet.) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE § 101.001(3).

Under the TTCA, the legislature has provided a limited waiver of immunity from suits[2] against governmental units for property damage, personal injury, or death "proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment" if:

(A)   the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle . . . ; and

(B)   the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1). "Except as to motor vehicles, this chapter does not apply to a school district . . . ." *Id.* § 101.051.

Mouton, as plaintiff, had the burden to allege facts affirmatively demonstrating that the trial court had subject matter jurisdiction over her suit. *See Clark*, 544 S.W.3d at 770. In her Third Amended Petition, Mouton sought:

---

[2]   The TTCA waives a governmental unit's immunity from suit on all claims for which it waives immunity from liability. *See* TEX. CIV. PRAC. & REM. CODE § 101.025; *City of Hous. v. Nicolai*, 539 S.W.3d 378, 386 n.10 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

to recover damages she sustained and suffered resulting from the negligent health care, services and treatment provided by Defendants, their agents, servants, and employees. The medical services, care, treatment, and advice provided to [Mouton] beginning on or about January 31, 2018, fell below the standards of ordinary care and practice acceptable to and required of occupational medical providers providing worker's compensation services and their physicians practicing under the same ? [sic] or similar circumstances, and were a proximate cause of the injuries and damages sustained by [Mouton].

After detailing her medical history, she asserted: "I cannot be at MMI yet."

And she disputed that she was able to return to work.

Under "Liability of Defendants," Mouton asserted:

Defendants were negligent in the care, services, and treatment rendered . . . . The Defendants owed a duty to exercise reasonable care in the diagnosis, evaluation, care, monitoring, and treatment of [Mouton]. The Defendants breached that duty causing the devastating and permanent harm to [Mouton]. [Certain healthcare providers] breached the standard of care of worker's compensation provider in the negligent care, service, and treatment rendered to [Mouton] by not properly diagnosing her injuries following her Motor Vehicle Accident, by failing to treat her injuries and by failing to provide her with proper care at any point during the time of her injury throughout her recovery process. As a result, [Mouton] suffers from constant pain and untreated injuries that are likely permanent now as a result of the negligence of the Defendants.

Mouton's pleading did not allege any damages or injury "caused by the wrongful act or omission or the negligence of" an HISD employee and arising from the use or operation of a motor vehicle. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1). Instead, Mouton pled that the other motorist hit her bus. Nevertheless, Mouton maintains that HISD's immunity was waived under section 101.021(1)

because her petition reflects that *she* was an HISD employee at the time of the collision. We disagree.

It is the legislature's prerogative to enact statutes, and it is the judiciary's responsibility to interpret and apply those statutes according to the plain language used by the legislature. *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011). We may not rewrite statutes or second-guess the legislature's balance of competing policies. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 (Tex. 2019).

Consequently, our primary objective in construing a statute is to give effect to the legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). We discern the legislature's intent by relying on the plain meaning of the statutory text; unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Id.* In conducting this analysis, we presume that the legislature selected the statutory language with care and that every word or phrase was used with a purpose in mind. *Id.*

Here, the plain meaning of the text in section 101.021(1) of the TTCA provides for a waiver of immunity in suits against governmental units for damages and injuries (1) "*caused by the wrongful act or omission or the negligence of an employee* acting within his scope of employment," (2) when the injury "arises from

the operation or use of a motor-driven vehicle" and (3) "the *employee* would be personally liable." *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1) (emphasis added); *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995). There is no language in section 101.021 evidencing a legislative intent to provide a waiver under the circumstances that Mouton espouses.

Accordingly, we conclude that Mouton failed to plead facts that established the trial court's subject matter jurisdiction over her claims against HISD and, further, that her pleadings affirmatively negate the existence of such jurisdiction. *See Brown*, 80 S.W.3d at 555. We therefore hold that the trial court did not err in granting HISD's plea to the jurisdiction and in dismissing Mouton's claims against HISD without affording her an opportunity to amend. *See id.*

We overrule Mouton's first issue.[3]

---

[3]   Although Mouton asserts on appeal various constitutional violations and that HISD retaliated against her by wrongfully terminating her employment, she did not assert these claims in her Third Amended Petition. She included only a single bare assertion at the end of her background facts that she was wrongfully terminated. Accordingly, we do not address whether there is any related waiver of immunity. *See* TEX. R. APP. P. 33.1; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635–36 (Tex. 2012); *City of Hous. v. Johnson*, 353 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

**Special Exceptions and Dismissal after Repleading**

In her second issue, Mouton contends that the trial court erred in dismissing her claims against CCMSI, after she repled, following the granting of CCMSI's special exceptions.

Texas follows a fair notice standard of pleading, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and the type of evidence that might be relevant. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Pleadings must provide the opposing party with enough information to enable it to prepare a defense. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015); *see* TEX. R. CIV. P. 45, 47. The purpose of a special exception is to compel the clarification of the opposing party's pleading if it is not sufficiently specific or fails to plead a cause of action. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *see* TEX. R. CIV. P. 91.

Generally, when a trial court sustains a defendant's special exceptions, it must give the plaintiff an opportunity to amend the petition. *See Sonnichsen*, 221 S.W.3d at 635. If the plaintiff amends her petition but does not cure the defect, the trial court may dismiss the case. *Hamby v. State Farm Mut. Auto. Ins. Co.*, 137 S.W.3d 834, 836 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

When reviewing a trial court's dismissal of a cause of action following the sustaining of special exceptions, we review both the trial court's decision to sustain

the special exceptions and its order of dismissal. *Perry v. Cohen*, 285 S.W.3d 137, 142 (Tex. App.—Austin 2009, pet. denied).

We review the trial court's decision to sustain special exceptions for an abuse of discretion. *Id.*; *see Sonnichsen*, 221 S.W.3d at 635. A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We accept as true all material factual allegations and all reasonable inferences from those allegations. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994). "The trial court has broad discretion in granting special exceptions to order more definite pleadings as a particular case may require." *Perry*, 285 S.W.3d at 142.

"We review a trial court's dismissal of a case upon special exceptions for failure to state a cause of action as an issue of law, using a de novo standard of review." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *see Hamby*, 137 S.W.3d at 836 (stating that trial court's legal conclusion as to whether petition adequately states cause of action is subject to de novo review).

Here, Mouton initially, in her Third Amended Petition, asserted a negligence claim globally against five defendants, including CCMSI. As noted above, her petition states that she sued to recover damages "resulting from the negligent health care, services and treatment provided by Defendants, their agents, servants, and

employees." And she broadly complained about the "medical services" she received. Because she stated her negligence claim globally and did not present any underlying facts or allegations specific to CCMSI, the trial court did not err in sustaining CCMSI's special exceptions and ordering Mouton to replead. *See In re Lipsky*, 460 S.W.3d at 590 (pleadings must provide defendant with enough information to enable it to prepare defense).

In her Fourth Amended Petition, Mouton then alleged that "HISD/CCMSI," collectively, sent "fraudulent videos to Certified Network Doctors." She further asserted:

> LIABILITY OF DEFENDANTS HISD/CCMSI IN VIOLATION THIS WAS INTENTIONAL GROSS NEGLIGENCE, BAD FAITH, WORKER'S COMPENSATION BREACH THE STANDARD OF CARE ACT AFTER MY ON-THE-JOB ACCIDENT, AND DEFAMATION OF CHARACTER.
>
> . . . . HISD and CCMSI failed to acknowledge all my Injuries and the claims adjuster Kayo McGann would not approve of me seeing any doctor to treat my injuries. Even when I paid out of pocket for medical treatment going to Emergency Room twice CCMSI refused me medical treatment. Failing to require or enforce a policy requiring the exercise of ordinary care, diagnose or treat all my Injuries. Knowing I was injured they did not care. CCMSI owed a duty to approve m[y] medical treatment for my on-the-job injury. CCMSI failed and refused to give me benefits that am entitle[d] to. Wrongfully denying my claim after all the medical evidence, and the correct video will show this. Wrongfully terminates or reduces benefits, fails to adjust a worker's compensation claim in a manner contrary to license requirements of Chapter 4101, Insurance Code, or the rules of the commissioner of insurance. Misrepresents the reason for not paying benefits or termination or reducing payment benefits, unreasonably disputes the reasonableness and necessity of health care. CCMSI violated my rights

to medical benefits under Sec. 415.002, and Sec. 0035 [sic] denies preauthorization in a manner that is not in accordance with rules adopted by the commissioner under Section 413.014, and failed to pay an order awarding benefits, failing to approve or give a referral to see an Orthopedic Doctor to treat my injuries, controverts a claim if the evidence clearly indicates liability[.]

Mouton's combined allegations against "HISD/CCMSI" failed to meet the fair notice standard because she did attribute any specific act or omission to CCMSI, as a separate defendant. *See Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 335 (Tex. App.—Fort Worth 2005, pet. denied). It is undisputed that HISD and CCMSI are separate entities.

With respect to Mouton's allegations that CCMSI improperly refused to pay certain workers' compensation benefits, Mouton does not assert in her petition that she exhausted her administrative remedies.

The TWCA[4] "provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a workers' claim for benefits." *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (internal quotations omitted). Allowing parties to pursue remedies that circumvent the Division of Workers' Compensation's exclusive jurisdiction would undermine the workers' compensation system's careful benefits-determination and claims-resolution processes. *Id.* at 753.

---

[4]     *See* TEX. LAB. CODE §§ 401.001–419.007 ("Texas Workers' Compensation Act").

"When an agency has exclusive jurisdiction and the plaintiff has not exhausted administrative remedies, the trial court lacks subject-matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *Id.* at 752. Whether exclusive jurisdiction is vested in the Division is a question of law. *Id*. The supreme court has held that such claims include, among others, claims of negligence, gross negligence, fraud, and bad faith, when they arise out of the investigation, handling, or settling of a claim for workers' compensation benefits. *In re Crawford & Co.*, 458 S.W.3d 920, 926 (Tex. 2015).

Here, because Mouton stated allegations arising out of CCMSI's investigation, handling, and settling of her claim for workers' compensation benefits, the TWCA provides the exclusive procedures and remedies for those claims. *See In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 752. Thus, the trial court lacked subject matter jurisdiction over her claims against CCMSI and was required to dismiss them. *See In re Crawford & Co.*, 458 S.W.3d at 928–29.

With respect to the statutory provisions Mouton cites, Chapter 4101 of the Texas Insurance Code broadly governs insurance adjusters and provides for criminal penalties and disciplinary action by the commissioner of insurance. TEX. INS. CODE §§ 31.021, 4101.201, .203. Section 413.014 of the TWCA governs Medical Services and Fees. *See* TEX. LAB. CODE § 413.014. Section 415.002 of the TWCA addresses administrative violations and penalties assessed by the commissioner of workers'

compensation. *See id.* §§ 401.011, 415.002. None of these provide a private cause of action. Thus, the trial court did not err in concluding that Mouton failed to present a cognizable claim.

We conclude that Mouton's Fourth Amended Petition does not meet the fair notice standard because it does not state any facts particular to CCMSI that could support liability against it and does not state a cognizable cause of action. We therefore further hold that the trial court did not err in sustaining CCMSI's special exceptions and dismissing Mouton's claims against CCMSI.

We also overrule Mouton's second issue.

## Conclusion

For all of the reasons above, and based on the record before us, we affirm the trial court's judgment in all things.



Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.